Timothy O. Hemming, Nevada Bar No. 14375
tim.hemming@dentons.com
DENTONS DURHAM JONES PINEGAR P.C.
192 East 200 North, 3rd Floor
St. George, UT 84770
Telephone:  435 674 0400
Facsimile:  435 628 1610

David W. Tufts, *pro hac vice*  (to be filed)
david.tufts@dentons.com
Landon T. Laycock, *pro hac vice*  (to be filed)
landon.laycock@dentons.com
DENTONS DURHAM JONES PINEGAR P.C.
111 S. Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone:  801 415 3000
Facsimile:  801 415 3500
*Attorneys for Plaintiff*

Michael D. Rawlins, Nevada Bar No. 5467
3333 E. Serene Ave.  Suite 130
Henderson, NV. 89074
*Designated solely for service pursuant to LR IA 11-1(b)*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SMART RAIN SYSTEMS, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>RÖHREN- UND PUMPENWERK BAUER GES.M.B.H., a limited liability company of Austria; BAUER NORTH AMERICA, INC., a foreign corporation; DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff Smart Rain Systems, LLC ("Plaintiff" or "Smart Rain") complains against Defendants Röhren- und Pumpenwerk Bauer Ges.m.b.H. and Bauer North America, Inc. (collectively "Defendants" or "Bauer") for the causes of action as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Utah with a principal place of business located at 86 South 1250 West, Centerville, Utah

84014.

2.     Defendant Röhren- und Pumpenwerk Bauer Ges.m.b.H. is a limited liability company of Austria with an address at Kowaldstr. 2, Voitsberg, Austria 8570.

3.     Defendant Bauer North America, Inc. is a foreign corporation with an address at 107 Eastwood Road Suite 400, Michigan City, Indiana 46360.

4.     Plaintiff does not know the true names and capacities of defendants sued herein as Does 1 through 10 and therefore sues such defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities if and when ascertained.

## JURISDICTION AND VENUE

5.     This is a civil action for trademark infringement arising under the Lanham Act of 1946, as amended, 15 U.S.C. § 1114, et seq.

6.     This is also a civil action for false designation of origin under the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a).

7.     This is also a civil action for deceptive trade practices under Nev. Rev. Stat. Ann. §§ 598 *et seq*. *See*, Nev. Rev. Stat. Ann. §§ 598.0915 and 598.0993 (West).

8.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

9.     This court has personal jurisdiction over the Defendants because Defendants have purposely availed themselves of the privileges and benefits of the State of Nevada.

10.    On information and belief, Defendants do, and have done, substantial business in this Judicial District, including: (i) advertising and providing services, including but not limited to, advertising their goods and services relating to irrigation systems at conventions and trade shows in Las Vegas; (ii) regularly doing business, or soliciting business, by virtue of providing services and offers to provide services through Defendants' interactive and commercial website, which directs Defendants' services and products to Nevada residents[1]; and (iii) engaging in other persistent courses

---

[1] *See* https://shop.bauer-at.com/en/irrigation, indicating that Bauer ships products to the United

2

of conduct, and/or deriving revenue from products and/or services provided to persons in this District and State.

11.     This Court's exercise of personal jurisdiction over Defendants is consistent with the Constitutions of the United States and the State of Nevada.

12.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 because a substantial part of the events giving rise to the Complaint occurred in this District.

**FACTUAL BACKGROUND**

13.     Plaintiff provides a wide variety of innovative goods and services relating to agricultural irrigation systems, including but not limited to, electrical controls for irrigation systems, advisory services pertaining to water usage by commercial and residential irrigation systems, installation and maintenance services for commercial and residential irrigation systems, and online and downloadable software for controlling irrigation systems. Plaintiff has invested substantial time and funds for over 10 years and has been awarded several U.S. patents for its innovations in the irrigation industry.

14.     Plaintiff is the exclusive owner of several federally registered trademarks, including the SMART RAIN® trademarks (United States Trademark Registration Nos. 4,422,647 and 6,268,132) and the SMARTRAIN logo (United States Trademark Registration No. 5,288,810) (the SMART RAIN® trademarks the SMARTRAIN logo, together, hereinafter the "Asserted Trademarks" or the "Asserted Marks"). True and correct copies of the Asserted Marks are attached hereto as **Exhibit A** and incorporated herein by reference.

15.     Plaintiff has developed substantial recognition and goodwill in the United States for the innovative goods and services provided in connection with the Asserted Trademarks among both Plaintiff's immediate customers and the consuming public, generally.

16.     As a result of, among other things, Plaintiff's substantial investment in the Asserted Trademarks, and the goods and services marketed in connection with this trademark, the consuming public recognizes the Asserted Marks, along with the associated goods and services, with a single

---

States; *see also* https://www.bauer-at.com/en/company/bauer-worldwide.

source, namely Plaintiff.

17. Defendants are also in the business of providing a variety of goods and services relating to agricultural irrigation systems, including electrical controls for irrigation systems, advisory services pertaining to irrigation systems, installation and maintenance services for irrigation systems, and online and downloadable software for managing irrigation systems.

18. Plaintiff has not licensed Defendants any rights in or to the Asserted Trademark, and Defendants do not have any right or authority to use, market, display, or provide services or advertise services in conjunction with use of the Asserted Trademark in the United States.

19. On or around April 15, 2016, counsel for Plaintiff received correspondence from counsel for Bauer, who sought Plaintiff's consent to register "SMARTRAIN" with respect to agricultural irrigation systems on behalf of Bauer.

20. In response to Bauer's April 2016 correspondence, Plaintiff informed Bauer that it would oppose any such attempt to register "SMARTRAIN" in connection with agricultural irrigation systems based on Plaintiff's pre-existing rights in the mark.

21. Plaintiff did, however, indicate to Bauer that Bauer could license the mark from Plaintiff for a yearly fee, which Bauer rejected.

22. On or around April 15, 2017, counsel for Bauer reached out to counsel for Plaintiff about potentially licensing the SMARTRAIN trademark from Plaintiff.

23. In response to this April 2017 correspondence from Bauer, Plaintiff indicated that Bauer could license the mark from Plaintiff for a yearly fee, which Bauer again rejected.

24. After declining Plaintiff's offer to license Plaintiff's trademarks twice—once in 2016 and again in 2017—Bauer chose to use the Asserted Marks in commerce in the United States to advertise Defendants' competing products and services at the Irrigation Association convention in Las Vegas, Nevada on December 2-6 in 2019. Examples of Bauer's use of the Asserted Marks at this event in 2019 are set forth in **Exhibit B**.

25. On December 23, 2019, Plaintiff sent a cease and desist letter to Bauer regarding Plaintiff's rights in the Asserted Marks and Bauer's willful infringement of Plaintiff's trademarks,

4

attached hereto as **Exhibit C**.

26. On January 9, 2020, Bauer responded to Plaintiff's December 23, 2019 cease and desist letter, asserting that Bauer "has no intentions to use the SMART RAIN mark in the United States," that Bauer has "no intentions to infringe nor use the SMART RAIN mark in the United States," and that Bauer's use of the Asserted Marks was "a mistake."

27. Despite the assurances that counsel for Bauer provided in the January 9, 2020 correspondence regarding Bauer having "no intentions to use the SMART RAIN mark in the United States," and its refusal to take a license to use the mark, Bauer chose to use the Asserted Marks in commerce in the United States yet again to advertise Defendants' competing products and services at the Irrigation Association convention in San Diego on December 9, 2021. Examples of Defendant's use of the Asserted Marks at this event in 2021 are set forth in **Exhibit D**, which is filed concurrently herewith.

28. Bauer additionally uses the mark on its website to advertise its goods and services in the United States. Screenshots of the websites are attached in **Exhibit E**, showing use of the mark and offering shipping into the United States.

29. Bauer's use of the Asserted Marks in conjunction with marketing and advertising its own competing products and services has an effect on interstate commerce.

30. Bauer's use of the Asserted Marks in marketing its respective competing goods and services creates confusion as to the source of Defendants' goods and services, leading customers to erroneously believe that they are in fact provided, or otherwise authorized, by Plaintiff.

31. Bauer had pre-suit knowledge of the Asserted Trademarks at least as early as April of 2016.

32. Plaintiff has suffered cognizable injury as a result of Bauer's infringing activities.

33. Plaintiff has suffered injury in fact and has lost money or property as a result of Bauer's unfair and unlawful business practices in the form of damage to its good will, lost sales, price erosion, and other actual damages.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement of the Asserted Marks)**

34. By this reference Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

35. Bauer's use of the Asserted Marks and marks that are confusingly similar thereto is likely to cause confusion, mistake or deception as to the source, origin, affiliation, connection, or association of the Defendants' goods and services with Plaintiff, or as to the approval of the Defendants' good and services by Plaintiff.

36. As such, Bauer's use of the Asserted Marks to market and provide its competing goods and services constitutes infringement of Plaintiff's rights in the Asserted Marks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Bauer's infringement of Plaintiff's rights in the Asserted Marks negatively affects Plaintiff's business in the United States.

38. Bauer's infringement of the Asserted Marks has taken place with the full knowledge of Plaintiff's rights. As such, Bauer's infringement has been intentional, deliberate, and willful.

39. Bauer's infringement of Plaintiff's rights in the Asserted Marks has caused Plaintiff to suffer damages and irreparable harm.

40. By reason of the foregoing, Plaintiff is entitled to monetary and injunctive relief pursuant to 15 U.S.C. §§ 1116-1118, as more fully set forth herein below.

**SECOND CLAIM FOR RELIEF**
**(Federal Trademark Infringement, False Designation of Origin, and Unfair Competition with Respect to the Asserted Marks)**

41. By this reference Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

42. Bauer's use of the Asserted Marks and marks that are confusingly similar thereto is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection or association of the Defendants' competing goods and services with Plaintiff, or as to the approval of the Defendants' goods and services by Plaintiff, and thus constitutes trademark infringement, false designation of origin, and unfair competition with respect to the Asserted Marks in violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Bauer's actions have taken place with full knowledge of the Asserted Marks and therefore have been intentional, deliberate, and willful.

44. Bauer's violation of 15 U.S.C. § 1125(a) has caused Plaintiff to suffer damages and irreparable harm.

45. By reason of the foregoing, Plaintiff is entitled to monetary and injunctive relief pursuant to 15 U.S.C. §§ 1116-1118, as more fully set forth herein below.

## THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

46. By this reference Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

47. Plaintiff owns common law rights in the Asserted Marks.

48. The acts and conduct of Bauer as alleged in Plaintiff's First Claim for Relief, immediately above, constitute trademark infringement under the common law of Nevada.

49. Bauer's use of the Asserted Marks and marks that are confusingly similar thereto is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of Defendants' goods and services with Plaintiff, or as to the approval of the Defendants' goods and services by Plaintiff.

50. Bauer, by its actions set forth hereinabove, has engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent, including the infringement of the Asserted Marks.

51. By reason of the foregoing, Plaintiff has suffered damages and irreparable harm.

52. By reason of the foregoing, Plaintiff is entitled to, at least, damages from the Defendants.

## FOURTH CLAIM FOR RELIEF
### (Nev. Rev. Stat. Ann. §§ 598 *et seq.*)

53. By this reference Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

7

54. The acts and conduct of Bauer as alleged above in this Complaint constitute deceptive and/or fraudulent business acts or practices under Nevada Revised Statutes Chapter 598.0915(1)-(3) and (15).

55. Bauer has knowingly passed off its good and services as those of Plaintiff by repeatedly using Plaintiff's Asserted Marks and marks that are confusingly similar thereto to advertise Defendants' own competing goods and services. *See* Nev. Rev. Stat. Ann. § 598.0915(1).

56. Bauer has knowingly made false representations as to the source, sponsorship, and/or approval of Plaintiff regarding Defendants' goods and services by repeatedly using Plaintiff's Asserted Marks and marks that are confusingly similar thereto to advertise Defendants' own competing goods and services. *See* Nev. Rev. Stat. Ann. § 598.0915(2).

57. Bauer has knowingly made false representations as to Bauer's affiliation, connection, or association with Plaintiff by repeatedly using Plaintiff's Asserted Marks and marks that are confusingly similar thereto to advertise Defendants' own competing goods and services. *See* Nev. Rev. Stat. Ann. § 598.0915(3).

58. Defendants' acts of deceptive and fraudulent competition have caused harm to competition, to consumers, and to Plaintiff. Defendants' acts of deceptive and fraudulent practices have proximately caused Plaintiff to suffer injury in fact and loss of money and/or property (including as a result of expenses that Plaintiff has incurred, and continues to incur, in its efforts to prevent and deter Defendants from engaging in unlawful conduct) in an amount to be proven at trial.

59. Defendants' acts of deceptive and fraudulent practices also have caused irreparable and incalculable injury to Plaintiff, to the Asserted Marks, and to the business and goodwill represented thereby, and, unless enjoined, could cause further irreparable and incalculable injury, whereby Plaintiff has no adequate remedy at law.

60. Bauer's acts and conduct have caused and continue to cause Plaintiff to suffer irreparable harm. By reason of the foregoing, Plaintiff is entitled to, at least, damages from the Defendants, including actual damages and punitive damages.

61. As a result of Defendants' actions, Plaintiff was required to file this lawsuit and is

8

entitled to an award of attorneys' fees and costs against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. A judgment finding Defendants liable for infringement of the Asserted Trademarks, unfair competition, and unlawful, unfair, or fraudulent practices in violation of Nev. Rev. Stat. Ann. §§ 598 *et seq*.;

B. An order of this Court temporarily, preliminarily, and permanently enjoining Defendants, their principals, agents, and servants, and any and all person or entities acting in concert with any of them from directly or indirectly infringing in any manner Plaintiff's Asserted Trademarks in connection with the claimed goods and services or otherwise, pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a);

F. An order of this Court temporarily, preliminarily, and permanently enjoining Defendants, their principals, agents, and servants, and any and all person or entities acting in concert with any of them from providing goods or services, marketing, advertising, promoting, offering for sale, selling, or otherwise providing goods or services pertaining to electrical controls for irrigation systems, services pertaining to irrigation systems, and software for managing irrigation systems in connection with the Asserted Marks pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a);

G. For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114;

I. For damages in an amount to be proven at trial for false designation of origin under 15 U.S.C. § 1125(a);

J. For damages in an amount to be proven at trial for unfair competition and trademark infringement under Nevada common law;

K. An award of Defendants' profits in an amount to be proven at trial, pursuant to at least 15 U.S.C. § 1117(a);

M. An award of punitive damages, pursuant to all applicable state statutory and common

law;

N. An award of Plaintiff's costs in bringing this action, pursuant to all applicable statutory and common law, including at least 15 U.S.C. § 1117(a);

O. An award of Plaintiff's attorney fees, pursuant to agreement or all applicable statutory and common law, including at least 15 U.S.C. § 1117(a);

P. An imposition of constructive trust on, and an order requiring full accounting of, the sales made by Defendants as a result of its wrongful or infringing acts alleged herein;

Q. Prejudgment interest, pursuant to at least 15 U.S.C. § 1117(b);

R. An award of Plaintiff's attorney's fees to the extent permitted by law;

S. Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

T. For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claim and issues so triable.

Dated: February 4, 2022.

/s/ Timothy O. Hemming
Timothy O. Hemming, Nevada Bar No. 14375
tim.hemming@dentons.com
DENTONS DURHAM JONES PINEGAR P.C.
192 East 200 North, 3rd Floor
St. George, UT 84770
Telephone: 435 674 0400
Facsimile: 435 628 1610

David W. Tufts, *pro hac vice* (to be filed)
david.tufts@dentons.com
Landon T. Laycock, *pro hac vice* (to be filed)
landon.laycock@dentons.com
DENTONS DURHAM JONES PINEGAR P.C.
111 S. Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: 801 415 3000
Facsimile: 801 415 3500
*Attorneys for Plaintiff*