UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Smart Rain Systems, LLC,

        Plaintiff

  v.

Röhren –und Pumpenwerk Bauer Ges.m.b.H., et al.,

        Defendants

Case No. 2:22-cv-00232-CDS-EJY

**Order Granting Defendants' Motions to Dismiss**

[ECF Nos. 41, 42]

      Plaintiff Smart Rain Systems, LLC brings this trademark infringement action, and related claims for relief, against defendants Röhren –und Pumpenwerk Bauer Ges.m.b.H. (GmbH), an Austrian LLC, and Bauer North America, Inc. (Bauer NA), an Indiana based corporation. Smart Rain alleges that GmbH and Bauer NA unlawfully used Smart Rain's exclusively owned, federal trademarks ("the trademarks") to advertise Bauer NA's competing products and services on three separate occasions. *See generally* Complaint, ECF No. 1 at ¶¶ 24, 27–28. As relevant here, the complaint alleges that one of those occasions was at an irrigation association convention in Las Vegas, Nevada that occurred between December 2 and December 6, 2019. *Id.* ¶ 24. Both defendants move to dismiss the complaint, arguing that they are improperly grouped together, and that the complaint fails to allege personal jurisdiction or state a claim. *See generally* ECF Nos. 41, 42. Smart Rain opposes the motions, arguing that they should be denied because the court in fact has personal jurisdiction over the parties, and further that Smart Rain has stated plausible claims for Federal Trademark violations against each defendant. *See generally* ECF No. 50. The motions are fully briefed. *See* ECF Nos. 50, 51, 52. For the reasons set forth herein, I grant both motions and dismiss the complaint without prejudice and with leave to amend.

## I. Background

As set forth in the complaint, Smart Rain is a Utah based company that "provides a wide variety of innovative goods and services relating to agricultural irrigation systems, including but not limited to, electrical controls for irrigation systems, advisory services pertaining to water usage by commercial and residential irrigation systems, installation and maintenance services for commercial and residential irrigation systems, and online and downloadable software for controlling irrigation systems." ECF No. 1 at ¶¶ 1, 13. Smart Rain alleges that over the past ten years, it has been awarded several patents based on its innovations in the irrigation industry, and that it is the exclusive owner of several federally registered trademarks.[1] *Id.* at ¶¶ 13–14. Smart Rain further alleges that its innovation and significant investment in its company, including the trademarks, has developed Smart Rain's "substantial recognition and goodwill in the United States" for goods and services it provides in connection with the trademarks. *Id.* at 15–16.

Smart Rain alleges that defendants are also in the business of providing goods and services related to agricultural irrigation. *See generally id.* at ¶ 17. Smart Rain further alleges that in April 2016, it was contacted by Bauer NA's counsel, seeking Smart Rain's consent to register "SMARTRAIN" in connection with agricultural irrigation systems for Bauer NA.[2] *Id.* at ¶ 19. Smart Rain advised that it opposed any such attempt, citing its rights under its U.S. trademarks. *Id.* at ¶¶ 20–21. But Smart Rain did offer Bauer NA the opportunity to license its mark for a yearly fee. *Id.* Bauer NA declined the licensing offer. *Id.* at ¶¶ 21, 23. Smart Rain further alleges that after twice declining the licensing offer, Bauer NA used Smart Rain's trademarks, including the trademark associated with its logo, without Smart Rain's consent in the United States at a convention in Las Vegas, Nevada between December 2–9, 2019. *Id.* at ¶ 24; *see also* Ex. B, ECF No. 1-2 (pictures of alleged unauthorized use of Smart Rain's trademarks).

---

[1] The United States registered trademarks are identified as Nos. 4,422,647 and 6,268,132, and No. 5,288,810. ECF No. 1 at ¶ 14.

[2] It is unclear from the face of the complaint if Smart Rain is referring to Bauer NA or GmbH. *See id.*

Following the Las Vegas convention, Smart Rain sent GmbH's counsel a cease-and-desist letter.[3] *Id.* at ¶ 25; *see also* Ex. C, Letter, ECF No. 1-3. As alleged in the complaint, GmbH's counsel responded by stating that Bauer NA "has no intentions to use the SMART RAIN mark in the United States," that Bauer NA has "no intentions to infringe nor use the SMART RAIN mark in the United States," and that Bauer NA's use of the Asserted Marks was "a mistake." *Id.* at ¶ 26. Smart Rain contends that after receiving that communication, Bauer NA again used Smart Rain's trademarks to advertise its competing products and services at an irrigation association convention in San Diego, California on December 9, 2021. *Id.* at ¶ 27; *see also* Ex. D, ECF No. 1-4 (pictures of alleged unauthorized use of Smart Rain's trademarks).

The complaint also alleges that Bauer NA[4] uses the Smart Rain "mark" on its website to advertise its goods and services in the United States. *Id.* at ¶ 28; *see also* Ex. E, Website screenshot, ECF No. 1-5. Smart Rain contends that defendants' use of the trademarks in connection with marketing and advertising, and at conventions in the United States "creates confusion" regarding the source of defendants' goods and services, misleads consumers to believe that defendants' products are authorized by Smart Rain, and that defendants' actions have caused injury to Smart Rain. *Id.* at ¶¶ 30, 32–33. As a result, Smart Rain brings this federal and state law trademark action, seeking an order enjoining defendants from further trademark infringement and damages. *See generally id.* at 9–10.

## II. Discussion

As a court of limited jurisdiction, I must first resolve the issues of jurisdiction. Both defendants contend that this court lacks general and specific jurisdiction over them. *See generally* ECF Nos. 41, 42. Smart Rain avers that this court has both general and specific jurisdiction over

---

[3] The court assumes the letter was sent to GmbH's counsel as part of the address is redacted from the letter attached to the complaint as an exhibit. *See* ECF No. 1-3 at 2. The first paragraph of the letter, however, addresses a previous discussion with its client "Pumpenwerk Bauer Ges.m.b.H." *Id.*

[4] Again, the complaint does not state which defendant utilized the trademark on the website referenced in the complaint, and it is unclear from the screenshots included as exhibits to the complaint. *See* ECF No. 1-5 (screenshots).

defendants, arguing that Bauer NA's attendance and conduct at the Las Vegas trade show in 2019 subjects it to specific personal jurisdiction in Nevada, especially given defendants' "conscious choice to attend the convention…in Las Vegas" and that Bauer NA intentionally used Smart Rain's mark at the Las Vegas convention "knowing it lacked permission to do so." ECF No. 50 at 7. Smart Rain further argues that GmbH is subject to specific personal jurisdiction in this court because the actions of Bauer NA, its subsidiary, are attributable to it, and that Bauer NA's conduct at the Las Vegas convention is imputed to GmbH because: (1) Bauer NA is the company's U.S. agent, and (2) Bauer NA provides its products to customers in North America. *Id.* at 9–10. Finally, Smart Rain argues that Bauer NA's argument that its website is "passive" fails, and that limited jurisdictional discovery is required to determine if the defendants "delivered any products bearing [the trademarks] to Nevada." *Id.* at 10–12.

"Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (citing *Data Disc., Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 n.8 (9th Cir. 1977)). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Natural Gas Antitrust Litig.)*, 715 F.3d 716, 741 (9th Cir. 2013) *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). In cases where the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Bryton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009). In such a case, "we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). On a prima facie showing, the court resolves all contested facts in favor of the non-moving party. *Oneok*, 715 F.3d at 741; *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (if conflicted facts are contained in the parties' affidavits, the facts must be resolved in

favor of the plaintiff for purposes of determining whether a prima facie case of personal jurisdiction has been established).

A plaintiff may not simply rest on the "bare allegations of [the] complaint." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). If the defendant presents evidence to contradict the allegations in the complaint, the plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction through affidavits and/or declarations. *See AT & T Co.*, 94 F.3d at 588; *accord Caruth*, 59 F.3d at 127–28 (absent an evidentiary hearing, this court "only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction.").

Where, as in this case, "no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted). Nevada's long-arm statute, set forth at Nev. Rev. Stat. § 14.065, coincides with federal due process requirements. Those requirements mandate that nonresident defendants have "minimum contacts" with Nevada "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Personal jurisdiction can be either "general" or "specific." *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415–16 (1984).

When, as is the case here, there are multiple defendants, "[t]he jurisdictional inquiry must decouple defendants, considering whether each individual defendant has had sufficient 'minimum contacts' with the forum state to justify an exercise of jurisdiction." *Burri Law PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022). And, like here, in cases involving related business entities, "a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015). In fact, the Ninth Circuit

holds that "corporate separateness insulates a parent corporation from liability created by its subsidiary." *Id.*

Herein lies the first issue with this case. Smart Rain improperly groups both Bauer NA and GmbH together in the complaint, making it difficult for this court to decipher which allegations are directed at which defendant. This alone is grounds to grant defendants' motions to dismiss. But, as discussed further below, even if the court separates defendants and considers the allegations as if alleged against both defendants, the allegations are insufficient to find either general or specific personal jurisdiction over either.

**A. There are insufficient allegations to exercise general jurisdiction over defendants.**

General personal jurisdiction is premised on a defendant's relationship to the forum state. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021) (citation omitted). The defendant must engage in "continuous and systematic general business contacts," *Hall*, 466 U.S. at 416, that "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat., Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "The standard is met only by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (quoting *Int'l Shoe*, 326 U.S. at 318). When determining if a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, courts evaluate several factors including their "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006). The standard for general jurisdiction "is an *exacting* standard, as it should be, because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801 (emphasis added). "A court with general jurisdiction may hear *any* claim against that defendant,

even if all the incidents underlying the claim occurred in a different state." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)).

Here, the only alleged contacts with Nevada are: (1) using the contested trademarks "in commerce in the United States to advertise Defendants' competing products and services at the Irrigation Association convention in Las Vegas, Nevada on December 2–6, []2019" (ECF No. 1 at ¶ 24), and (2) Bauer NA using the trademarks on its website to advertise its goods and services in the United States (*id.* at ¶ 28). Based on the complaint, the first allegation is only directed at Bauer NA. Its presence alone, at a single trade show open to the public, does not support exercising general jurisdiction over it in this court. *See Kransco Manufacturing, Inc. v. Markwitz*, 656 F.2d 1376, 1377 (9th Cir. 1981) (no general jurisdiction where defendant attended trade show in the forum and mailed several letters to forum alleging infringement). Further, the complaint does not allege that Bauer NA sold any products at the show to Nevada residents or businesses, or that Bauer NA otherwise engaged in any agreements, contracts, or negotiations with any Nevada customers. Thus, the location of the trade show, over which presumably Bauer NA had no control, is the only evidence of any contact with this forum. That is a far cry from the "exacting" standard necessary to establish general jurisdiction over Bauer NA. The allegations against GmbH fair no better: the complaint does not allege that it was even in Nevada—at any time.

Nor is the website sufficient to establish general jurisdiction. Smart Rain fails to show that access to or sales from GmbH's website came from Nevada, that the website displayed advertisements targeted to Nevada residents, or any other evidence that GmbH's website was designed or targeted for a Nevada user or purchaser base. As the Ninth Circuit held in *CollegeSource, Inc. v. AcademyOne, Inc.*, "[i]f the maintenance of an interactive website were sufficient to support general jurisdiction in every forum in which users interacted with the website, 'the eventual demise of all restrictions on the personal jurisdiction of state courts' would be the

inevitable result." 653 F.3d 1066, 1075–76 (9th Cir. 2011) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980) (quoting *Hanson v. Denckla*, 357 U.S. 235, 251 (1958)). Stated otherwise, there are no allegations that GmbH engaged in substantial, continuous, and systematic contacts with Nevada. Accordingly, neither Bauer NA nor GmbH are subject to general jurisdiction in Nevada.

> **B. There are insufficient allegations to exercise specific personal jurisdiction over defendants.**

The court also cannot find sufficient allegations in the complaint to establish specific jurisdiction over either defendant. Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984) (internal quotation marks and citation omitted). In the Ninth Circuit, a three-part test is applied to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate. *Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). First, the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. *Id.* Second, the claim must be one which arises out of or relates to the defendant's forum-related activities. *Id.* Finally, the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Id.* The first prong of the specific jurisdiction test refers to both purposeful availment and purposeful direction. *CollegeSource, Inc.*, 653 F.3d at 1076.

Smart Rain has alleged tortious use of the trademarks, so the purposeful direction analysis is appropriate. *Id.* (citing *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608–09 (9th Cir. 2010) (applying purposeful direction analysis in action involving claims for violation of right to publicity based on misappropriation of plaintiff's likeness)).

The first prong of *Calder* is satisfied for Bauer NA because it participated in a trade show in Nevada. But Smart Rain fails to meet the second prong, which the Ninth Circuit refers to as the "but for" test. *Oneok*, 715 F.3d at 742. The court is required to ask "but for Defendants' contacts with [the forum state], would Plaintiff's claims have arisen?" *CFA N. Cal., Inc. v. CRT Partners LLP*, 378 F. Supp. 2d 1177, 1186 (N.D. Cal. 2005). Here, the claims would have arisen if Bauer NA had used the logo in question whether it was at a trade show in Nevada, California, or elsewhere. *See Chandler v. Roy*, 985 F. Supp. 1205, 1213 (D. Ariz. 1997) (finding the purposeful availment requirement was not met where the defendant attended a two-day training seminar in Arizona). Further, there are no allegations that Bauer NA continuously or deliberately exploited the Nevada market. *Cf. Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984) (holding that an out-of-state magazine was subject to personal jurisdiction because the magazine was "carrying on a part of its general business in" the forum state, and "continuously and deliberately exploited" the forum state's market).

Smart Rain fails to meet any part of *Calder* test in its allegations against GmbH. It argues that GmbH's website advertises its goods and services in the United States, including Nevada, therefore subjecting it to specific jurisdiction in this forum. ECF No. 50 at 10–11. To find that a nonresident defendant expressly aimed its conduct at the forum, the Ninth Circuit requires "something more" than "simply registering someone else's trademark as a domain name and posting a web site on the Internet." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). The complaint lacks the "something more." Specifically, it does not contain any evidence that GmbH's website was deliberately directed towards this forum.[5] *Compare Electro Scan, Inc. v.*

---

[5] Smart Rain cites *Herbal Brands, Inc. v. Photoplaza, Inc.*, to argue that selling a product on an interactive website and causing that product to be delivered to the forum, means the defendant "expressly aimed" its conduct at the forum. ECF No. 50 at 10 (citing 72 F.4th 1085, 1092 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 693 (2024)). But Smart Rain fails to address that *Herbal Brands* involved trademark and related claims based on the defendants' online sale of products that they shipped to consumers, including in the forum state. The *Herbal Brands* court held that "if a defendant, in its regular course of business, sells a physical product via an interactive website and causes that product to be delivered to the forum, the defendant has purposefully directed its conduct at the forum such that the exercise of personal jurisdiction may be appropriate." *Id.* at 1088. This case, in contrast, does not involve alleged trademark infringement related to

*Henrich*, 2019 WL 1299010, at *5 (E.D. Cal. Mar. 21, 2019) (holding that a passive website, which "lacks file exchange through [the] website or interactive features targeting" the forum state's customers or where the website owner "specifically targeted [the forum state]" were insufficient to establish personal jurisdiction), *with Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002) (finding that when the nonresident defendant purposefully operated a website whose content infringed the plaintiff's trademarks, the "something more" requirement was met because the defendant ran a for-profit marketing campaign **in the forum**.) (emphasis added). While the website is certainly accessible from this forum, that is true of any forum available on the internet, making GmbH's mere ownership of a website that is accessible worldwide insufficient to establish personal jurisdiction in Nevada. *See Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x 662, 663 (9th Cir. 2018) ("If Premium can be haled into California merely on the basis of its universally accessible website, then, under [plaintiff's] proposed rule, it can be haled into every state, and respectively, every online advertiser worldwide can be haled into California."); *see also Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (the only acts identified by plaintiff as being directed at the forum state were the website and the use of the name "Pebble Beach" in the domain name, which were both insufficient to establish jurisdiction because they were not aimed at the forum state); *see also Massie v. Gen. Motors Co.*, 2021 WL 2142728, at *6 (E.D. Cal. May 26, 2021) (holding that the defendant's operation of broadly accessible websites did not constitute the type of minimum contacts with the forum needed for specific personal jurisdiction).

---

the website, but instead with a trade show. *See Golden Bull, LLC v. Elliott*, 2023 U.S. Dist. LEXIS 157831, at *5–6 (C.D. Cal. Sept. 5, 2023) (distinguishing *Herbal Brands* because "even if Plaintiff could establish that Defendants' website was expressly aimed at California, it would not give rise to specific jurisdiction on claims that are not related to [defendants'] website."). While Smart Rain alleges that "Bauer additionally uses the mark on its website to advertise its goods and services in the United States[,]" Smart Rain does not provide any factual allegations demonstrating that anyone in Nevada purchased products or services from the allegedly infringing website. *See NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1379 (Fed. Cir. 2017) (finding "no evidence that [defendant's] website facilitated the making, using, offering, or selling" of the infringing product in the forum state in order to connect the website with the patent infringement claim).

Further, because Smart Rain has failed to meet the second and third *Calder* prongs as it relates to Bauer NA, and all three of the prongs as it relates to GmbH, this court's inquiry ends, and this case must be dismissed for lack of personal jurisdiction. As a result, the court does not address defendants' arguments to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6).

### C. Smart Rain's request to conduct jurisdictional discovery is denied.

There are insufficient allegations before the court to grant Smart Rain's request for limited jurisdictional discovery. "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery...." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (citing *Rich v. KIS California, Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988)). Accordingly, Smart Rain's request is denied.

### D. Leave to amend is granted.

Smart Rain does not move for leave to amend. However, Rule 15 calls for leave to amend to be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Because there is a possibility that Smart Rain could amend its complaint to add facts supporting personal jurisdiction, Smart Rain is given leave to amend.

## III.  Conclusion

IT IS HEREBY ORDERED that defendants' motions to dismiss **[ECF No. 41, 42] are GRANTED.** The complaint is dismissed without prejudice and with leave to amend. Smart Rain must amend its complaint, to allege specific facts that cure the deficiencies of its complaint, by April 15, 2024. The amended complaint must be titled "First Amended Complaint." Failure to file an amended complaint by the deadline will result in the action being dismissed with prejudice.

Dated: March 25, 2024

_____
Cristina D. Silva
United States District Judge