UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Smart Rain Systems, LLC, | Case No. 2:22-cv-00232-CDS-EJY |
| Plaintiff | **Order Dismissing And Closing Case** |
| v. | |
| Röhren –und Pumpenwerk Bauer Ges.m.b.H., et al., | |
| Defendants | |

In this trademark infringement action, plaintiff Smart Rain Systems, LLC alleges that defendants Röhren –und Pumpenwerk Bauer Ges.m.b.H., and Bauer North America, Inc. unlawfully used Smart Rain's exclusively owned, federal trademarks to advertise Bauer NA's competing products and services. Compl., ECF No. 1. On March 25, 2024, I granted defendants' motions to dismiss but granted Smart Rain leave to amend its complaint. ECF No. 57. I also cautioned Smart Rain that the action would be dismissed with prejudice if it failed to file an amended complaint by April 15, 2024. *Id.* at 11. That deadline expired and Smart Rain did not file an amended complaint, move for an extension of time, or otherwise respond in any way to the court's order.

I.     Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273–74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's

interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, strongly support dismissal. Smart Rain has delayed further adjudication of the claims by failing to amend its complaint. A case that is delayed by a party's failure to comply with deadlines cannot move forward toward resolution on the merits. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d at 1228. For that reason, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). There is currently no operative complaint on file, and it is Smart Rain's responsibility to move this action forward. This action cannot proceed without Smart Rain's compliance, and it cannot simply remain idle on the court's docket, unprosecuted.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. While the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal; "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Laurino*, 279 F.3d at 753; *Yourish*, 191 F.3d at 991. Here, Smart Rain failed to file an amended complaint despite the court's efforts to provide it with an opportunity to prosecute this action. Since it appears that Smart Rain does not intend to litigate this action diligently, there

arises a rebuttable presumption of prejudice to the defendants. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (a presumption of injury arises from unreasonable delay).

The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal. However, here, the claims were indeed decided on the merits. I granted defendants' motions because I found I lacked personal jurisdiction over defendants, but because there was a possibility that Smart Rain could amend its complaint to add facts supporting personal jurisdiction, I gave leave to amend which Smart Rain did not do.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan*, 291 F.3d at 643 & n.4 (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). The March 25, 2024 order requiring Smart Rain to file an amended complaint expressly stated: "Failure to file an amended complaint by the deadline will result in the action being dismissed with prejudice." ECF No. 57 at 11. Thus, Smart Rain has been provided adequate warning that dismissal would result from noncompliance with the court's order.

II.         Conclusion

        Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed with prejudice based on Smart Rain's failure to file an amended complaint in compliance with my March 25, 2024 order.

        The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: April 25, 2024

_____
Cristina D. Silva
United States District Judge